**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>MARTENSE NEW YORK, INC.,<br><br>*Debtor In Possession*. | ) ) ) ) Chapter 11<br>) )<br>) Case No. 09-48910 (CEC)<br>) ) ) ) ) |

**NEW YORK COMMUNITY BANK'S OBJECTION TO DEBTOR'S
APPLICATION TO APPROVE LEASE WITH BARRON RENTALS, INC.**

New York Community Bank ("NYCB"), by and through its counsel, hereby objects to the above-captioned debtor's (the "Debtor") application (the "Application") for approval of lease (the "Lease") with Barron's Rentals, Inc. ("Barron") with respect to the real property located in Kings County at 61 Martense Street, Brooklyn, New York 11226 (the "Martense Property"), and respectfully states as follows:

**OBJECTION**

1. The Debtor has not put forth sufficient information to support its business judgment that the Lease with Barron should be approved. The Application is deficient in two significant respects. First, the relationship between the principal/primary obligor under the lease is suspect and, in fact, may be an insider of the Debtor. Whatever relationship exists between Barron and the Debtor should be disclosed to this Court. Second, no effort has been made to demonstrate the financial wherewithal of Barron. Given the apparent importance of this Lease to the purported restructuring, Barron's ability to make payments under the lease is paramount. Without such information, this Court is not in a position to evaluate the Debtor's purported business judgment in entering into this Lease. After the continuing default of principal, interest,

taxes and other related payments dating back to March 2009, NYCB should not be required to sit back and have this attempted reorganization depend on any transaction that lacks substance. Accordingly, this Court should deny the relief requested absent further satisfactory information regarding the points addressed herein.

**The Relationship Between the Debtor and Barron**

2. To determine if this proposed Lease is supported by the Debtor's business judgment, this Court must understand the relationship between Barron and the Debtor because the Debtor is a fiduciary of this estate and to all creditors. If Barron or its principals share a relationship with the Debtor, the Debtor should so advise the Court. From the information provided in the Lease, it is impossible to determine who is obligating the Debtor under the Lease and who is obligating Barron under the Lease. From publicly available information, it appears that there is some form of relationship between the Debtor's principal(s) and Barron.

3. Based on information taken directly from the New York State Department of State website eAccessNY ("eAccessNY"), Barron appears to be related to the Debtor or its principal. The Debtor's address (as set forth in the chapter 11 petition commencing these cases is 3317 Avenue N, Brooklyn, New York. Barron's address is the same. *See* Exhibit A to Declaration of H. Michael Lynch, dated August 16, 2010. Upon information and belief, the building at 3317 Avenue N is owned by Chava Nelkenbaum, the wife of the Debtor's president Yehuda Nelkenbaum. Further, both the Lease and the rider thereto are signed on behalf of corporate entities, but the individuals signing are not identified and the signatures are not legible. At a bare minimum, all such information should be clarified and disclosed to this Court and the relationships, including any individual or shared financial interests, should be clarified and

disclosed as a condition of approval of any Lease. Clearly, if any estate fiduciaries will benefit, directly or indirectly, from this transaction, the Lease should not be approved.

4. The information concerning the relationships between the parties would be relevant in any case, but it is particularly here because Mr. Nelkenbaum has a long history of defaults with NYCB. *See* Lynch Declaration, ¶ 4 (referencing 11 NYCB loans totaling more than $21 million related to properties owned or controlled by Mr. Nelkenbaum, each of which is in a foreclosure proceeding). If the Debtor is basing its reorganization on an entity connected with Mr. Nelkenbaum, all such details must be disclosed. NYCB objects to the Debtor entering into the Lease if Barron is related in any way to the Debtor or Mr. Nelkenbaum.

**Barron's Financial Wherewithal Has Not Been Established to Support The
Conclusion That the Debtor has Exercised Its Fiduciary Duties and Business Judgment**

5. The proposed Lease transaction is substantial by any measure and, apparently, will form the basis for the Debtor's chapter 11 exit strategy. Accordingly, Barron's ability to perform under the Lease is relevant to this Court's determination as to whether the Debtor, a fiduciary to this estate, employed it best business judgment or whether this transaction is merely a ruse to buy time until dreams of a real estate market turnaround come true. Without a doubt, if Barron cannot demonstrate sufficient financial resources to make its payments under the Lease, the Court should not approve the proposed transaction. As of today, nothing has been disclosed about Barron's financial wherewithal or who its principals are. At the very least, Barron should demonstrate that it has adequate capital to make all payments under the Lease for all relevant periods. Further, given Mr. Nelkenbaum's prior defaults, if Mr. Nelkenbaum or anyone related to him has an interest in the Lease in any respect, the Court should not approve the transaction.

6. NYCB has dutifully protected and exercised all of its contractual rights and interests and, but for the intervention of this chapter 11 filing, would already have foreclosed on

disclosed as a condition of approval of any Lease. Clearly, if any estate fiduciaries will benefit, directly or indirectly, from this transaction, the Lease should not be approved.

4. The information concerning the relationships between the parties would be relevant in any case, but it is particularly here because Mr. Nelkenbaum has a long history of defaults with NYCB. *See* Lynch Declaration, ¶ 4 (referencing 11 NYCB loans totaling more than $21 million related to properties owned or controlled by Mr. Nelkenbaum, each of which is in a foreclosure proceeding). If the Debtor is basing its reorganization on an entity connected with Mr. Nelkenbaum, all such details must be disclosed. NYCB objects to the Debtor entering into the Lease if Barron is related in any way to the Debtor or Mr. Nelkenbaum.

**Barron's Financial Wherewithal Has Not Been Established to Support The
Conclusion That the Debtor has Exercised Its Fiduciary Duties and Business Judgment**

5. The proposed Lease transaction is substantial by any measure and, apparently, will form the basis for the Debtor's chapter 11 exit strategy. Accordingly, Barron's ability to perform under the Lease is relevant to this Court's determination as to whether the Debtor, a fiduciary to this estate, employed it best business judgment or whether this transaction is merely a ruse to buy time until dreams of a real estate market turnaround come true. Without a doubt, if Barron cannot demonstrate sufficient financial resources to make its payments under the Lease, the Court should not approve the proposed transaction. As of today, nothing has been disclosed about Barron's financial wherewithal or who its principals are. At the very least, Barron should demonstrate that it has adequate capital to make all payments under the Lease for all relevant periods. Further, given Mr. Nelkenbaum's prior defaults, if Mr. Nelkenbaum or anyone related to him has an interest in the Lease in any respect, the Court should not approve the transaction.

6. NYCB has dutifully protected and exercised all of its contractual rights and interests and, but for the intervention of this chapter 11 filing, would already have foreclosed on

the Martense Property thereby limiting its losses (as described in greater detail in NYCB's lift-stay motion). NYCB should not be required to sit idly by while the Debtor pursues an exit strategy that lacks substance or is based on illusion, hopes or dreams. As noted in the lift-stay motion, the Debtor has been continually in default on its obligations since March 2009. As NYCB will demonstrate at the upcoming hearing on the Application, NYCB is undersecured. Taken together, the Debtor should be held to strict compliance with the provisions of the Bankruptcy Code (with which it is undisputed that the Debtor has not complied) and with a showing of sound business judgment in connection with the Application. According, it is appropriate here to deny to relief requested in the Application and lift the automatic stay. Alternatively, the Court should set short time frames and require strict compliance with a chapter 11 exit strategy.

**WHEREFORE**, for all of the reasons stated herein, NYCB respectfully requests that this Court deny the relief requested in the Application and grant NYCB such other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: August 16 2010<br>New York, New York | LYNCH & ASSOCIATES<br><br>By: /s/ Gary O. Ravert<br>    H. Michael Lynch<br>    Gary O. Ravert (Of Counsel)<br>    462 Seventh Avenue, 12th Floor<br>    New York, New York 10018<br>    Tel: (212) 683-4141<br>    Fax: (212) 683-2669<br><br>*Attorneys for New York Community Bank* |