```
UNITED STATES BANKRUPTCY COURT          Hearing Date: August 18, 2010
EASTERN DISTRICT OF NEW YORK                    at 2:30 p.m.
-----------------------------------------------------x
In re:                                  Chapter 11

MARTENSE NEW YORK, INC.                 Case No. 09-48910 (CEC)

                        Debtor.
-----------------------------------------------------x
```

## REPLY TO NEW YORK COMMUNITY BANK'S OBJECTION TO DEBTOR'S APPLICATION TO APPROVE LEASE WITH BARRON RENTALS, INC.

## TO THE HONORABLE CARLA E. CRAIG, CHIEF BANKRUPTCY JUDGE

Martense New York, Inc. as and for its reply to the objection filed by New York Community Bank to the Debtor's request that it be authorized to enter into a lease agreement with Barron Rentals, Inc. respectfully alleges and shows this Court as follows:

1. New York Community Bank (the "Bank") raises two objections to the Debtor's motion. First, the Bank implies that Barron Rentals, Inc. ("Barron") is an insider of the Debtor and that its relation with the Debtor should be disclosed. Secondly, the Bank implies that the Debtor has not given sufficient financial information to the Court about Barron to justify approving the lease.

2. The Court is respectfully advised that Barron Rentals, Inc. is not an insider of the Debtor as that term is defined under the provisions of the Bankruptcy Code or otherwise. So that there is no misunderstanding, for more than five years, the Debtor's principal, Mr. Yehuda Nelkenbaum, has employed the services of Barron as a broker to find tenants for apartments in his buildings. To the best of the Debtor's knowledge, for many years, Barron's principal place of business was at 942 East 29th Street, Brooklyn, New York 11210. At or about April 20, 2010, Barron entered into a written office lease agreement with Chavi Mezei as lessor to rent office space at 3317 Avenue N, Brooklyn, New York for a term of five years. For the Court's ready reference, collectively annexed hereto as Exhibit "A" is a copy of a recent license issued to Barron and the underlying lease agreement for the office space at 3317 Avenue N, Brooklyn, New York.

3. Barron is not an insider of the Debtor, and the Debtor has no relationship with Barron other than the normal business relationship referenced above. Similarly, the Debtor

and its equity owners have no interest in Barron. The listing of brokers and salespersons employed by Barron as is set forth within the declaration of Michael Lynch dated August 16, 2010 shows that the Debtor has no interest in Barron.

4. Barron has fulfilled its financial obligations to the Debtor and, in the past, has always fulfilled its obligations to other entities owned or controlled by Mr. Nelkenbaum. The Debtor has been advised that Mr. Yisrocl Barron is willing to execute a "good guy guaranty" pursuant to which he personally guarantees the payment of all rent owed to the Debtor under the Barron Rentals, Inc. lease up to the time that possession of apartments are returned to the Debtor under the Lease. Barron Rentals, Inc. lease provides the mechanism by which the Debtor has the income to service the bank debt at 100% occupancy and allows the Debtor to go forward in the hope of confirming a reorganization plan.

WHEREFORE, the Debtor prays for an order approving the lease made with Barron.

Dated: New York, New York
August 17, 2010

MARTENSE NEW YORK, INC.

By: _____

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
*Attorneys for Martense New York Inc.*
1501 Broadway, 22nd Floor
New York, New York 10036
Tel (212) 221-5700
Fax (212) 422-6836

By: _____
Neal M. Rosenbloom

To: H. Michael Lynch, Esq.
Lynch & Associates
462 Seventh Avenue, 12th Floor
New York, New York 10018

William E. Curtin, Esq.
Office of the United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201