UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                  Chapter 11

Martense New York, Inc.                                 Case No. 09-48910 (CEC)

            Debtor.
-----------------------------------------------------------X

## REPLY AFFIDAVIT

MYG TRUST respectfully submits the following in reply to the objection to its claim.

1      In December of 2008, the Grossman family provided the consideration for the
purchase of the property, located at 61 Martense Street, title to which was to be held by
the debtor. Collateral was a loan with title to the property located at 450 E 5th Street
Brooklyn, N.Y. until debtor took title to 61 Martense Street.(Annexed hereto as Exhibit
A)

2.     Yehuda Nelkenbaum, incorporator and sole shareholder of the debtor,
acknowledged receipt of the money from the Grossman family with an option to buy
back 450 E 5th Street Trust with the cash or the security of 61 Martense Street property
(Exhibit B).

3.     On October 26, 2007 a deed was prepared transferring 450 E 5th Street Trust to
Yehuda Nelkenbaum.Exhibit C.  The value of the consideration of 450 E 5th Street was
$661,900. Exhibit D

4.     On October 29, 2007 it was agreed  in writing that the security arising from the
450 E 5th Street property would be replaced by mortgages on 61 Martense Street and
1402 Avenue M. (Exhibit E).

5.      On October 29, 2007 Yehuda Nelkenbaum received $425,000 from David Paskes
and Ernest Paskes because he was able to transfer 450 E 5th Street as security for such
$425,000.  A copy of the mortgage evidencing the receipt of $425,000 is annexed.
(Exhibit F).

6.     The Grossman family was told that this $425,000 was handed over to Martense
New York Inc as consideration for its issuing a mortgage to MYG Trust in consideration
of the furnishing a mortgage for these properties against the property.

7.    ELM Tower Inc had not even been formed to purchase 1401 Elm Avenue or incorporated at the time the initial Grossman money was furnished for the purchase of 61 Martense Street. (Exhibit G).

8.    The MYG Trust loan was to Martense New York Inc as early as December 12, 2005 when it furnished funds temporarily secured by 450 E 5th Street.

9.    ELM Tower Inc's involvement was to furnish a building as additional collateral for the loan to Martense New York Inc.  Martense New York Inc. benefited from the assumption of 50% of the liability i.e. $350,000 by Elm Tower Inc.

10.    A loan agreement, which was drafted by the attorney representing both the debtor and Elm Tower Inc., expressly and unequivocally stated that $300,000 was a debt and liability of the debtor.  (Exhibit H).

11.    Yehuda Nelkenbaum, the sole incorporator, shareholder, director, and officer of the debtor signed a confession of judgment specifically stating that "Defendant [Martense New York Inc] borrowed $300,000 from Plaintiff [MYG Trust]". (Exhibit I).

12.    MYG Trust had every reason to believe that the Affidavit of Confession of Judgment accurately reflected that Martense New York Inc., was the entity that borrowed $300,000 from MYG Trust.

13.    Yehuda Nelkenbaum consistently and successfully argued that one-half of the $600,000 was borrowed by the debtor

Israel Grossman, Assignee of
MYG Trust
508 Avenue L
Brooklyn, N.Y. 11230

Affirmed to before me
this 19th day of January 2012.

EVELYN DUROV
NOTARY PUBLIC, State of New York
No. 01DU1087....
Qualified in Kings County
Commission Expires ...... 2/11/13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                          Chapter 11

Martense New York, Inc.                         Case No. 09-48910 (CEC)

     Debtor.

-------------------------------------------------------X

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                  )ss.:
COUNTY OF NEW YORK )

       On January 19, 2012, I served the Reply Affidavit by regular mail by depositing a true coy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the Untied State Postal Service within New State, addressed to the following person and/or entities on the attached Service List.

Neal Rosenbloom
Goldberg Weprin Finkel Goldstein LLP
Attorneys for Debtor
1501 Broadway, 22nd Floor
New York, NY 10036

                            Israel Grossman

Sworn to before me this
19th day of January, 2012.

RAPHAELE GROSSMAN
NOTARY PUBLIC
STATE OF NEW YORK
01G6103603
QUALIFIED IN N.Y. COUNTY
COMMISSION EXPIRES 9/29/13

# EXHBIT A

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2005121501693001001E81D4

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 20 |
|---|---|---|
| Document ID: 2005121501693001 | Document Date: 12-12-2005 | Preparation Date: 12-15-2005 |

Document Type: DEED
Document Page Count: 19

| PRESENTER: | RETURN TO: |
|---|---|
| RELIABLE ABSTRACT CO. LLC. | ISRAEL GRUSSMAN, ESQ |
| 4203 13TH AVENUE 2ND FLOOR | 420 LEXINGTON AVENUE, SUITE 1435 |
| BROOKLYN, NY 11219 | NEW YORK, NY 10170 |
| 718-438-0786 | |
| JACOB@RELIABLEABSTRACT.NET | |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BROOKLYN | 5356 | 40 | Entire Lot | | 450 EAST 5 STREET |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ _or_ Document ID_____ _or_ _____ Year_____ Reel ___ Page _____ _or_ File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| YEHUDA NELKENBAUM | 450 EAST 5TH STREET TRUST RAPHAEL GROSSMAN |
| 1759 EAST 10TH STREET | TRUSTEE |
| BROOKLYN, NY 11223 | 1342 EAST 5TH STREET |
| | BROOKLYN, NY 11230 |

### FEES AND TAXES

| Mortgage | | | |
|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | |
| Taxable Mortgage Amount: | $ | 0.00 | |
| Exemption: | | | |
| TAXES: County (Basic): | $ | 0.00 | |
| City (Additional): | $ | 0.00 | |
| Spec (Additional): | $ | 0.00 | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |

| Recording Fee: $ | 132.00 |
|---|---|
| Affidavit Fee: $ | 0.00 |

NYC Real Property Transfer Tax Filing Fee:
$ 75.00

NYS Real Estate Transfer Tax:
$ 0.00

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed      12-29-2005 11:33
City Register File No.(CRFN):
**2005000713528**

_Annette M Hill_

*City Register Official Signature*

NYC HPD Affidavit in Lieu of Registration Statement

Standard N.Y.B.T.U. Form 8003  - Warranty Deed, with Full Covenants–Individual or Corporation

**THIS INDENTURE**, made the 12 day of    December , Two Thousand and Five
**BETWEEN**

YEHUDA NELKENBAUM ., with an address at 1759 East 10th Street, Brooklyn, New York
11223.

party of the first part, and

RAPHAEL GROSSMAN AS TRUSTEE OF 450 EAST 5TH STREET TRUST., with an address at
1342 East 5th Street, Brooklyn, New York 11230.

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of
the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of
the second part forever in,

ALL of his right, title and interest in that certain plot, piece or parcel of land, with the buildings and improvements thereon erected,
situate, lying and being in the Borough  and County of the Bronx, City and State of New York, bounded and described as follows:

> **450 East 5th Street, Brooklyn, New York**
> **County: Kings Block: 5356 Lot: 40**
> **More particularly described on Schedule A attached hereto and made a part hereof.**

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above
described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the
first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the
heirs or successors and assigns of the party of the second part forever.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive
the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the
purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before
using any part of the total of the same for any other purpose.

AND the party of the first part covenants as follows:  that said party of the first part is seized of the said premises in fee simple, and
has good right to convey the same; that the party of the second part shall quietly enjoy the said premises; that the said premises are
free from incumbrances, except as aforesaid; that the party of the first part will execute or procure any further necessary assurance
of the title to said premises; and that said party of the first part will forever warrant the title to said premises.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

BY:  _____

Yehuda Nelkenbaum

**WARRANTY DEED**
WITH FULL COVENANTS

TITLE NO.acc.

YEHUDA NELKENBAUM

TO

RAPHAEL GROSSMAN AS TRUSTEE OF 450 EAST 5TH STREET TRUST

ADDRESS: 450 East 5th Street
COUNTY: Kings
BLOCK: 5336
LOT 40

RECORD AND RETURN TO:



ISRAEL GROSSMAN, ESS
420 Lexington Ave. Suite 1435
New York, NY 10170

## SCHEDULE A
### DESCRIPTION OF LAND

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of East 5th Street, distant 100 feet northerly of Avenue C;

RUNNING THENCE westerly parallel with Avenue C, 100 feet;

THENCE northerly parallel with East 5th Street, 32 feet;

THENCE easterly parallel with Avenue C, 100 feet to the westerly side of East 5th Street;

THENCE southerly along the westerly side of East 5th Street, 32 feet to the point or place of BEGINNING.

SAID PREMISES being known as 450 East 5th Street, Brooklyn, New York.

TOGETHER with the benefits and subject to the burdens of a certain driveway easement made between Cuyler R. Watson, Ernest Rosen, Adele T. Rosen and Max Grossman dated 7/7/1958, recorded 7/14/1958 in Liber 8646 Page 89.

# EXHIBIT B

I yehuda Nelkenbaum transfer the property 450 E 5 St Brooklyn Block 5356 Lot 40 For the consideration of $400,000.00 Four Hundred Thousand Dollars to 450 East 5th Street Trust. I yehuda Nelkenbaum am resposible for any transfer tax due, water bills, Real Estate tax and Insurance, Heating and all utilities and carring Costs.

I yehuda Nelkenbaum have the option to purchase back the property at any anytime upto 12-13-06. The buy back price is from today till 1-13-06 is $421,000.00. From 1-13-06 to 2-13-06 is $426,000.00. from 2-13-06 — 3-13-06 is $431,000,000. and every month thereafter an additional $5000.00 each month, f. 1/ 12-13-06. ~~and there~~ for consideration of this option the seller deposits with purchaser the amou of $21,000.00, on deposit for buyback option. and will Deposit an additional deposit of 5000.00 f. month thereafter, non refundable in the even buy back option is not exercised

# EXHIBIT C



2007110701876001001EC9DC

## RECORDING AND ENDORSEMENT COVER PAGE

**PAGE 1 OF 6**

| | | |
|---|---|---|
| **Document ID:** 2007110701876001 | Document Date: 10-26-2007 | Preparation Date: 11-07-2007 |

Document Type: DEED
Document Page Count: 4

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| RELIABLE ABSTRACT CO. LLC. | YEHUDA NELKENBAUM |
| 4203 13TH AVENUE 2ND FLOOR | 1759 EAST 10TH STREET |
| RK-064228 | BROOKLYN, NY 11223 |
| BROOKLYN, NY 11219 | |
| 718-438-0786 | |
| JACOB@RELIABLEABSTRACT.NET | |

### PROPERTY DATA

| Borough | Block Lot | | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5356 40 | Entire Lot | | 450 EAST 5TH STREET |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| RAPHAEL GROSSMAN | YEHUDA NELKENBAUM |
| 1342 EAST 5TH STREET | 1759 EAST 10TH STREET |
| BROOKLYN, NY 11230 | BROOKLYN, NY 11223 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 75.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| A⁀ tional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording F | $ | 57.00 | | |
| Affidavit Fec | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed     11-13-2007 16:21
City Register File No.(CRFN):
2007000566001

*Annette M Hill*

*City Register Official Signature*

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER



2007110701876001001CCB5C

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 6 |
|---|---|

**Document ID: 2007110701876001**      Document Date: 10-26-2007      Preparation Date: 11-07-2007
Document Type: DEED

**PARTIES**
**GRANTOR/SELLER:**
450 EAST 5TH STREET TRUST
1342 EAST 5TH STREET
BROOKLYN, NY 11230

RK-061228

Standard N.Y.B.T.U. Form 8002 - Bargain and Sale Deed, with Covenant against Grantor's Acts-Individual or Corporation (single sheet)
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the 26th day of October. Two Thousand and Seven
BETWEEN

RAPHAEL GROSSMAN, as trustee, 450 EAST 5TH STREET TRUST, with an address at 1342 East 5th Street, Brooklyn, New York 11230

party of the first part, and

YEHUDA NELKENBAUM., with an address at 1759 East 10th Street, Brooklyn, NY 11223

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

Premises known as

450 East 5th Street
County: Kings Block: 5356 Lot: 40
More particularly described on Schedule A attached hereto and made a part hereof.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

450 EAST 5TH STREET TRUST

Name: Raphael Grossman
Title: A Trustee

## SCHEDULE A
## DESCRIPTION OF LAND

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of East 5th Street, distant 100 feet northerly of Avenue C;

RUNNING THENCE westerly parallel with Avenue C, 100 feet;

THENCE northerly parallel with East 5th Street, 32 feet;

THENCE easterly parallel with Avenue C, 100 feet to the westerly side of East 5th Street;

THENCE southerly along the westerly side of East 5th Street, 32 feet to the point or place of BEGINNING.

SAID PREMISES being known as 450 East 5th Street, Brooklyn, New York.

TOGETHER with the benefits and subject to the burdens of a certain driveway easement made between Cuyler R. Watson, Ernest Rosen, Adele T. Rosen and Max Grossman dated 7/7/1958, recorded 7/14/1958 in Liber 8646 Page 89.

# EXHIBIT D



NYCProperty | Statements List | Select a B-B-L | NYC.GOV Home | DEP Home | DOF Home | NYCProperty Home

The Official New York City Web Site

# FINAL ASSESSMENT ROLL 2006-2007 | City of New York

**Taxable Status Date: January 5, 2006**

EXPLANATION OF ASSESSMENT ROLL

View 2003 FINAL ASSESSMENT ROLL
View 2004 FINAL ASSESSMENT ROLL
View 2005 FINAL ASSESSMENT ROLL
View 2007 TENTATIVE ASSESSMENT ROLL
View 2007 FINAL ASSESSMENT ROLL

**Parcel Information**                    ◀◀ **Previous BBL**                    **Next BBL ▶▶**

**Owner Name:**
NELKENBAUM, YEHUDA

| **Property Address and Zip Code:** | | | |
| 450 EAST 5 STREET 11218 | | **Borough:** | BROOKLYN |
| **Real Estate Billing Name and Address:** | | **Block:** | 5356 |
| NELKENBAUM, YEHUDA | | **Lot:** | 40 |
| 000000450 E 5 ST | | | |
| BROOKLYN NY 11218 | | **Tax Class:** | 1 |
| | | **Building Class:** | C0 Codes |

**Land Information**

| **Lot Size** | Irregular | Corner |
| 32.00FT X 100.00FT | | |

**Building Information**

| **Number of Buildings** | **Building Size** | **Extension** | **Stories** |
|---|---|---|---|
| 1 | 22.00FT X 47.00FT | G | 2.75 |

**Assessment Information**

| Description | Land | Total |
|---|---|---|
| ESTIMATED MARKET VALUE | | 661,900 |
| 6-20% LIMITATION | 1,725 | 22,434 |
| ACTUAL EX AV | 0 | 0 |

**Taxable/Billable Assessed Value**

| | **Assessed Value** |
|---|---|
| SUBJECT TO ADJUSTMENTS, YOUR 2006/07 TAXES WILL BE BASED ON | 22,434 |

**Property is assessed at the following uniform percentages of full market value, unless limited to a lesser amount by law:**

| **Class 1 - 6%** | **Class 2 - 45%** | **Class 3 - 45%** | **Class 4 - 45%** |
|---|---|---|---|

Statements List | Select a BBL | Logon to NYCProperty

# EXHIBIT E

P.01/01

To Mr Grossman    10-29-07

This is to aknowledge that yehuta Nelkenbain
agrees to give inexchange for the collateral of 450
E 5th Street Brooklyn a mortgage totaling $600,000.00
at the rate of 12% for the first 6 months and then
15 percent thereafter. the mortgage is to be Placed
on the properties known as 61 Martense and
1402 Ave M AKA 1401 Elm Avenue both being in
brooklyn   New York.

TOTAL P.01

# EXHIBIT F



2007110701876002001EC998

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 43

**Document ID: 2007110701876002**
Document Type: MORTGAGE
Document Page Count: 41

Document Date: 10-29-2007

Preparation Date: 11-07-2007

**PRESENTER:**
RELIABLE ABSTRACT CO. LLC.
4203 13TH AVENUE 2ND FLOOR
RK-064228
BROOKLYN, NY 11219
718-438-0786
JACOB@RELIABLEABSTRACT.NET

**RETURN TO:**
N.C. CALLER, P.C.
1481 42ND STREET
BROOKLYN, NY 11219

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5356 | 40 | Entire Lot | 450 EAST 5TH STREET |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel __ Page ____ *or* File Number_____

### PARTIES

**MORTGAGOR/BORROWER:**
YEHUDA NELKENBAUM
970 EAST 18TH STREET
BROOKLYN, NY 11230

**MORTGAGEE/LENDER:**
DAVID PASKES
245 HEWES STREET
BROOKLYN, NY 11211

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 425,000.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 425,000.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 2,125.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 4,250.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 1,062.50 | | |
| MTA: | $ | 1,275.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 8,712.50 | | |
| Recording Fee: | $ | 242.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK**

Recorded/Filed          11-13-2007 16:21
City Register File No.(CRFN):
                              2007000566002

*Annette M Hill*

*City Register Official Signature*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2007110701876002001CCB18

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 43 |
|---|---|---|
| **Document ID: 2007110701876002**<br>Document Type: MORTGAGE | Document Date: 10-29-2007 | Preparation Date: 11-07-2007 |

**PARTIES**
**MORTGAGEE/LENDER:**
ERNEST PASKES
1127 53RD STREET
BROOKLYN, NY 11219

RK-004228

## MORTGAGE in amount of $ 425,000.00

(And Assignment of Leases and
Rents and Security Agreement)

made by

### YEHUDA NELKENBAUM

Mortgagor

to

DAVID PASKES as to 50%
ERNEST PASKES as to 50%

Mortgagee

relating to Premises at

450 EAST 5TH STREET
BROOKLYN, NY
BLOCK: 5356, LOT: 40

Dated: OCTOBER 29, 2007

PREMISES PRINCIPALLY
IMPROVED BY A 1 – 6
FAMILY DWELLING

## TABLE OF CONTENTS

1.  Certain Definitions
2.  Payment of Indebtedness
3.  Payment of Impositions, Insurance Premiums,
    Transfer Taxes
4.  Deposits for Impositions, Insurance Premiums, Etc
5.  Insurance
6.  Damage or Destruction; Application
    of Insurance Proceeds
7.  Condemnation
8.  Maintenance and Repair
9.  Compliance with Laws, Ordinances;
    Environmental Matters
10. Mortgagee's Right to Perform
11. Liens
12. Late Charges and Default Interest
13. Right of Access and Entry; Inspections
14. Indemnity; Expenses
15. Mortgagee Not Responsible for Damage or Injury
16. Defaults
17. Remedies Upon Default
18. Waivers; Cumulative Remedies
19. Transfers of the Mortgaged Property
20. Tenant Leases
21. Assignment of Leases and Rents
22. Payments From Deposits; Mortgagee's Liability
23. Prepayment
24. Procedure for Payment at Maturity or Upon Prepayment
25. Reduction of Principal Balance  By Insurance
    and Condemnation Proceeds
26. Junior Mortgages
27. Notices
28. Mortgagor's Certificate; Statement of Balances
29. Financial Statements and Other Information
30. Lien Law
31. Good Standing of Mortgagor
32. Partial Exculpation of Mortgagor
    OR
    [Intentionally omitted]
33. Instruments of Further Assurance, Etc.
34. Conversion Offering Plans
35. [Intentionally omitted]
36. Miscellaneous

SCHEDULE A        Description of Land

## MORTGAGE
### (And Assignment of Leases and
### Rents and Security Agreement)

THIS MORTGAGE , given in connection with Mortgagor's purchase of the Premises being subject to this mortgage and intended to be a Purchase Money Mortgage ASSIGNMENT OF LEASES AND RENTS, made as of the 2th Day of OCTOBER, 2007 by

**YEHUDA NELKENBAUM**
**all having an address at**          970 East 18th Street
                                    Brooklyn, NY

( "Mortgagor") to

**DAVID PASKES as to 50%**
**having an address at          245 Hewes Street**
                              **Brooklyn, NY 11211 and**
**ERNEST PASKES as to 50%**
**having an address at          1127 53rd Street**
                              **Brooklyn, NY 11219 (collectively "Mortgagee")**

WITNESSETH, that to secure the payment of an indebtedness in the sum of **FOUR HUNDRED TWENTY FIVE THOUSAND and 00/100 ($ 425,000.00) Dollars** , lawful money of the United States, to be paid with interest thereon to be computed from the date hereof according to terms of the Promissory Note(s) executed simultaneously with this mortgage and to secure the payment of all other amounts which may be or become due under this Mortgage and the compliance with all of the terms of this Mortgage, the Mortgagor hereby grants, bargains, sells, mortgages, warrants, pledges, assigns, transfers, and conveys to Mortgagee, and grants to Mortgagee with power of sale a first security interest in, the property described in the following paragraphs (a) through (j) (collectively the "Mortgaged Property"):

(a)    the land described in Schedule "A" annexed hereto and made a part hereof;

(b)    all additional lands or estates or interests therein hereafter acquired by Mortgagor for use in connection with the land described in (a) above, and all lands or estates or interests therein that may, from time to time, by supplemental mortgage or additional agreement, be made subject to the lien of this Mortgage (the land described in (a) above and the lands or estates or interests therein described in this paragraph (b) are collectively referred to as the "Land");

(c)    all improvements, structures and buildings, and any alterations thereto or replacements thereof, now or hereafter erected upon the Land, all fixtures, fittings, appliances, apparatus, machinery, materials and replacements thereof (other than those articles of personal property owned by tenants under "Leases," as defined in paragraph (d) below), now or at any time hereafter affixed to, attached to, placed upon or used in any way in connection with the use, enjoyment, occupancy or operation of the Land or such improvements, structures or buildings, including without limitation furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, washtubs, sinks, gas and electric fixtures, stoves, ranges, ovens, disposals, dishwashers, hood and fan combinations, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, kitchen equipment, laundry equipment, plants and shrubbery and all other furniture, furnishings, equipment and machinery, appliances, fittings and fixtures of every nature whatsoever now or hereafter owned or acquired by the Mortgagor and located in or on, or attached to, and

2                                                        PREMISES PRINCIPALLY
                                                        IMPROVED BY A 1 - 6
                                                        FAMILY DWELLING

# EXHIBIT G

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through January 18, 2012.

Selected Entity Name: ELM TOWER INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | ELM TOWER INC. |
| **Initial DOS Filing Date:** | MAY 30, 2007 |
| **County:** | KINGS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | INACTIVE - Dissolution by Proclamation / Annulment of Authority (Jul 27, 2011) |

Information to reinstate a corporation that has been dissolved by proclamation or annulment of authority by proclamation is available on the New York State Department of Taxation and Finance website at www.tax.ny.gov keyword TR-194.1 or by writing to NYS Department of Taxation and Finance, Reinstatement Unit/Bldg-8, Rm #958, W.A. Harriman Campus, Albany, NY 12227 or by telephone at (518) 485-6027

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

AARON M. FEINBERG, ESQ.
1777 EAST TENTH STREET
BROOKLYN, NEW YORK, 11223

**Registered Agent**

NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate

of incorporation, however this information is not
recorded and only available by viewing the
certificate.

### *Stock Information

**# of Shares  Type of Stock  $ Value per Share**

200          No Par Value

*Stock information is applicable to domestic business corporations.

### Name History

**Filing Date    Name Type      Entity Name**

MAY 30, 2007  Actual          ELM TOWER INC.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results            New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us

# EXHIBIT H

# LOAN AGREEMENT

This LOAN AGREEMENT (the "Agreement") entered into this _ day of May, 2008 by and between CHARLES NEISS, an individual, residing at 702 Avenue P, Brooklyn, New York 11223 (hereinafter "Neiss") and JUDITH GROSSMAN, as Trustee of the NYG Trust, with offices at 508 Avenue L, Brooklyn, New York 11230 (the "Trust") and ELM TOWER INC., a New York Corporation, with offices at 3317 Avenue N, Brooklyn, New York (hereinafter "Borrower") and YEHUDA NELKENBAUM, an individual, with offices at 3317 Avenue N, Brooklyn, New York (hereinafter "Nelkenbaum") . Neiss, Trust, Borrower and Nelkenbaum are individually referred to herein as Party and collectively referred to herein as Parties.

## W I T N E S S E T H

**WHEREAS,** Borrower is the owner of certain real property legally described on Schedule A attached hereto and located in Kings County, New York and all improvements thereon (the "Property") (the Property, together with all other collateral for the mortgage made with CITIBANK, N.A. (the "Senior Lender") (as such item is described herein), are referred to herein collectively as the Property; and

**WHEREAS,** Borrower has already taken a loan from Lender in the amount Three Hundred Thousand Dollars ($300,000.00) with respect to the Property and pursuant to a Loan Agreement and other Loan Documents dated, February 29, 2008, which is secured by a second mortgage on the Property (the "Original Loan").

**WHEREAS,** Borrower is desirous of borrowing an additional Two Hundred Fifty Thousand Dollars ($250,000.00) from Lender and Lender is willing to make said additional loan to Borrower under certain conditions (the "Additional Loan");

**WHEREAS,** the Trust has a third mortgage on the Property in the amount of Six Hundred Thousand Dollars ($600,000.00), which has been cross-collateralized on a second property located at 61 Martense Street, Brooklyn, New York (the "Second Property") (the "Third Mortgage");

**WHEREAS,** the Trust will agree to facilitate Lender making the Additional Loan and in connection therewith is willing to satisfy the Third Mortgage under certain conditions;

**WHEREAS,** Nelkenbaum the sole shareholder of Borrower has entered into a Purchase and Sales Agreement dated May 6, 2008, to sell One Hundred (100%) Percent of his interest the Borrower ("Corporate Interest") to Carolli Maggio (the "Purchaser") (the "Contract") and received a Two Hundred Fifty Thousand Dollar ($250,000.00) Contract deposit in connection therewith (the "Deposit");

**WHEREAS,** as a condition to the making of the Additional Loan Lender requires the transfer of the Deposit to Lender's counsel to be held by Lender's counsel to further secure the Additional Loan;

1

**WHEREAS**, the Parties have agreed to certain terms and conditions pertaining to the repayment of the Loan in connection with the sale of the Property.

**NOW THEREFORE**, in order to induce Lender to make the Additional Loan, and in order to induce the Trust to satisfy the Third Mortgage and consideration of the above and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.　**Incorporation of Recitals**. Each of the recitals set forth above is hereby incorporated into this Agreement as if fully set forth herein.

2.　**Loan.** Lender agrees to make the Additional Loan to Borrower in the principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00) pursuant to a Promissory Note dated as of the date hereof from the Borrower to the Lender in the original principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00)  and is secured or guaranteed by (a) an Additional Guaranty and (b) certain other documents executed simultaneously herewith, together with any extensions, modifications, substitutions and consolidations thereof, are hereinafter collectively refereed to as the "Loan Documents";

3.　**Security for Loan**. The Borrower acknowledges that the Borrower will receive the Loan simultaneously with the execution of the Loan Documents;

4.　**Interest**.　　The Borrower agrees that the Loan shall accrue interest at the rate of Fifteen (15%) Percent per annum. All interest shall be earned and paid in accordance with the Jewish Laws of Heter Iska  as per the Hebrew Book known as the *Sefer Chachmat Adam.*

5.　**Satisfaction of Third Mortgage - Confessions of Judgment**.　　The Trust agrees to satisfy the Third Mortgage in the event the Borrower executes and records the following confessions of judgment:

a.　　A confession of judgment in the amount of Three Hundred Thousand Dollars ($300,000.00) in favor of the Trust to be recorded on the Second Property (the "Martense Confession"); and

b.　　A confession of judgment in the amount of Five Hundred and Fifty Thousand Dollars ($550,000.00) in favor of the Trust and Lender, to be recorded on the Property (the "Elm Street Confession").

6.　**Payment of the Confessions of Judgment**. Borrower agrees to pay the Confessions of Judgment in full together with any and all interest accruing thereon as follows:

a.　　Upon the transfer of the Corporate Interest by Nelkenbaum to purchaser, Borrower will pay Five Hundred and Fifty Thousand ($550,000.00) Dollars plus interest accrued on the Additional Loan as follows:

I.　　Three Hundred Thousand ($300,000.00) Dollars to the Trust; and

ii.　　Two Hundred and Fifty Thousand ($250,000.00) Dollars to Lender plus interest due thereon.

iii.　　The Trust and Lender agree that the Lender will first receive the

interest and then the Five Hundred and Fifty Thousand ($550,000.00) Dollars will be paid to the Trust and Lender on a pro-rata basis.

        b.     Upon the transfer by Nelkenbaum of his interest in Martense New York, Inc. and/or the transfer by Martense New York, Inc. of the building located at 61 Martense Street, Brooklyn, New York 11226, Martense New York, Inc. will pay Three Hundred Thousand ($300,000.00) Dollars to the Trust

      7.    **Further Security - Transfer of Contract Deposit**. Mortgagor acknowledges that:

        a.     In accordance with the terms of the Contract, Purchaser deposited the Deposit with Nelkenbaums' Counsel, Aaron Feinberg, Esq. (" Counsel").

        b.     In order to further secure the Loan, Nelkenbaum has agreed to direct his Counsel to transfer the Deposit to Lender's Counsel escrow account pending repayment of the Loan.

        c.     Notwithstanding anything to the contrary contained herein above, in the event of a default by Purchaser under the Contract, such that the Deposit is to be released to Nelkenbaum; Nelkenbaum consents, authorizes and directs Lender's Counsel to release the Deposit to Lender towards repayment of the Additional Loan.

        d.     It is understood that said release of the Deposit may be done without prior authorization from Nelkenbaum, Borrower or Seller's Counsel.

      8.    **Default Under the Original Loan**.  Borrower agrees that any default under the Additional Loan shall automatically be deemed a default under the Original Loan and Lender shall have any and all rights that Lender would otherwise have upon a default by Borrower under the Original Loan.

      9.    **Miscellaneous Provisions**.

        a.     **Binding Effect; Assignment.** This Agreement shall be binding and shall inure to the benefit of the parties and their respective heirs, legal representatives, successors and assigns. This Agreement shall be binding and shall inure to the benefit of the parties and their respective heirs, legal representatives, successors and assigns.

        b.     **Entire Understanding.**  This Agreement contains the entire understanding between the parties with respect to the matters described herein, and supersedes all prior agreements, promises, understandings, letters of intent, covenants, arrangements, communications, representations or warranties, whether oral or written, by any party hereto or by any related or unrelated third party.

        c.     **Modification or Waiver.**   **I.**  This Agreement may not be modified, changed, discharged or terminated except by an instrument in writing, signed by the party against whom enforcement of any modification, change, discharge or termination is sought.

ii. Any waiver of any of the provisions of this Agreement, or of any inaccuracy in or non-fulfillment of any of the representations, warranties or obligations hereunder or contemplated hereby, shall not be effective unless made in writing signed by the party against whom the enforcement of any such waiver is sought. A waiver given in any case shall only apply with respect to that particular act or omission, and shall not be effective as to any further acts or omissions, regardless of whether they be of the same or similar nature.

d. **Severability**. Any term or provision of this Agreement which is invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction. Further, to the extent that any term or provision hereof is deemed invalid, void or otherwise unenforceable, but may be made enforceable by amendment thereto, the parties agree that such amendment may be made so that the same shall, nevertheless, be enforceable to the fullest extent permissible under the laws and public policies applied in any such jurisdiction in which enforcement is sought.

e. **Further Assurances**. Each party agrees to execute and deliver any further instruments, certificates and documents as may be reasonably requested by the other party for the purpose of carrying out the terms and conditions and reflecting the intentions of, and transactions contemplated by, this Agreement.

f. **Governing Law.** All questions pertaining to the validity, construction, execution and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

g. **Headings.** The headings of the sections of this Agreement are inserted for convenience only and shall not constitute a part or affect in any way the meaning or interpretation of this Agreement.

h. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument.

I. **Notice.** All notices, unless changed in writing, shall only be provided via overnight mail or messenger to the following parties:

**Lender:**

Charles Neiss                                    Moshe Katlowiz, Esq.

1860 Flatbush Avenue        **and**        Katlowitz and Associates

Brooklyn, New York 11210                270 Madison Avenue

New York, New York 10016

# EXHIBIT I



X 245 -Confession of Judgment, Ind, or Corp. Blank Court

COPYRIGHT 1973 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

COURT

COUNTY OF KINGS

Judith Grossman, as Trustee of the MYG Trust

Index No.

Plaintiff(s)

against

AFFIDAVIT OF
CONFESSION OF
JUDGMENT

Martense New York Inc.

Defendant(s)

STATE OF NEW YORK, COUNTY OF    KINGS                    ss.:

Martense New York Inc.

*being duly sworn, deposes and says: that deponent is*

† *(the* President        *of* Martense New York Inc.
a  New York            *corporation and is duly authorized to make this affidavit on behalf of the corporate)*
defendant herein.

*The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the*
sum of $ 300,000.00

Defendant having an address at 3317 Avenue N, Brooklyn, New York 11234
in the County of Kings            *State of* New York            *. Defendant authorizes entry*
of judgment in

*County, New York, if said residence address is not in New York State.*

*This confession of judgment is for a debt justly* *        *due to the plaintiff arising from*
the following facts:

Defendant borrowed $300,000.00 from Plaintiff.  Said Confession is being
made and recorded to secure said loan.

*This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any com-*
*modities for any use other than a commercial or business use upon any plan of deferred payments whereby the*
*price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in*
*the payment of an installment thereunder.*

Martense New York Inc.

*Sworn to before me this*                ESTHER C. HIRSCH
_____day of May, 2008    NOTARY PUBLIC, State of New York    By: _____
                                    No. 01HI5083199                Yehuda Nelkenbaum, President
                                    Qualified in Kings County
                                    Commission Expires August 11, 20 09