UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                          Chapter 11

MARTENSE NEW YORK INC.                                  Case No. 09-48910 (CEC)

                        Debtor.
----------------------------------------------------------x

**STIPULATION RESOLVING MYG TRUST CLAIM
AND WITHDRAWING OBJECTIONS TO CONFIRMATION**

This Stipulation is made this 25th day of January, 2012, by and between Martense New York Inc. c/o Goldberg Weprin Finkel Goldstein LLP with offices at 1501 Broadway, 22nd Floor, New York, New York 10036, Martense Street Capital Inc. c/o Bohensky & Associates with offices at 2115 Avenue O, Brooklyn, New York 11210 and Israel Grossman as assignee of the MYG Trust with offices at 508 Avenue L, Brooklyn, New York 11230.

**W I T N E S S E T H**

WHEREAS, on October 9, 2009, Martense New York, Inc. ("Martense") filed for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, Martense owns real property located at 61 Martense Street, Brooklyn, New York (the "Property"); and

WHEREAS, Martense Street Capital Inc. ("Capital"), as assignee and successor to New York Community Bank holds a first mortgage against the Property (the "Mortgage"); and

WHEREAS, on or about October 21, 2010, the MYG Trust (the "Trust") filed a claim in the sum of $300,000 plus interest styled as Claim No. 13 on the Court's official Claim

Register. The claim is filed as a secured claim based upon a confession of judgment given to the MYG Trust on or about May 30, 2008; and

WHEREAS, by instrument of assignment dated December 7, 2011, the Trust assigned its claim to Israel Grossman; and

WHEREAS, the MYG Trust filed objections to confirmation of the Debtor's second amended plan of reorganization (the "Plan"); and

WHEREAS, Capital has heretofore agreed to make monies available from its mortgage to facilitate confirmation of the Plan; and

WHEREAS, Martense, Capital and Israel Grossman wish to resolve their controversies and to facilitate the sale of the Property and confirmation of the Plan, it is

NOW THEREFORE, STIPULATED AND AGREED, between the parties hereto that:

1. The Trust does hereby withdraw its objections to confirmation of the Plan; **IG/ strictly contingent upon performance of the following:**

2. Capital shall cause the sum of $100,000 to be paid to the Trust from its mortgage proceeds upon the closing of the sale of the Property. The aforesaid payment shall be remitted by certified check, bank check or wire transfer of immediately available funds;

3. This Stipulation is subject to the approval of the United States Bankruptcy Court, which shall have sole jurisdiction over any disputes arising hereunder and the Bankruptcy Court entering an order confirming the Debtor's Plan.

4. The Trust and/or Israel Grossman shall execute (at or immediately before a closing) all documents reasonably required by the title company employed by the purchaser

of the Property to release, discharge or vacate liens held by the Trust or Israel Grossman upon the Property.

5. This Stipulation may be signed in counterparts with emailed copied signatures.

**GOLDBERG WEPRIN FINKEL**
**GOLDSTEIN LLP**
*Attorneys for Martense New York Inc., Debtor*
1501 Broadway, 22nd Floor
New York, New York 10036
Tel (212) 221-5700

By:   /s/ Neal M. Rosenbloom
       Neal M. Rosenbloom

**BOHENSKY & ASSOCIATES**
*Attorneys for Martense Street Capital Inc.*
2115 Avenue O
Brooklyn, New York 11210

By:   /s/ Jay Bohensky
       Jay Bohensky

       /s/ Israel Grossman
**Israel Grossman, Pro Sé and as**
**Assignee of the MYG Trust**
508 Avenue L
Brooklyn, New York 11230

**Dated: Brooklyn, New York**
**February 23, 2012**



  Carla E. Craig
**United States Bankruptcy Judge**